## E. H. FORDTRAN ET AL. v. V. AND O. ELLIS.

### ˜SUPREME COURT, GALVESTON TERM, 1883.

*Survey—Boundary Line—Discrepancy—Case stated.*—The south line of H. survey, running west, called for the east line of the L. survey, but this line was reached before the distance called for was exhausted, by 750 varas. The L. west line was capable of being readily ascertained, as other surveys upon which it abutted and depended, were well defined by natural objects, marked lines and fixed corners. From the grant there was apparent intent to abut the H. upon the L. survey. There was evidence tending to prove the L. the elder survey.

*Held*—That there are no such controlling circumstances, as would necessarily require the L. line to yield to the call of the H. line for distance.

*Charge.*—Where the court refuses to give a charge upon an issue, in case the evidence would not sustain a finding thereon, such refusal is not error.

Appellees brought this action of trespass to try title against appellants, April 21, 1875, claiming the land described in the petition by virtue of patents issued to them,

one for 180 acres as assignees of W. C. R. Schmidt, dated December 5, 1873; the other for 320 acres as assignees of Jacob Kaderli, dated September 3, 1873.

Appellants claimed the land in controversy by virtue of patent issued to Wade Horton, assignee of John A. Fox for one league and labor of land, dated April 23, A. D. 1841. The real issue was whether or not, the land sued for was embraced in the Horton patent. Trial was had November 3, 1875, which resulted in a verdict and judgment for appellees for the land, etc., from which this appeal is taken. The errors assigned and relied on for a reversal of the judgment are to the charge of the court, the refusal to give instructions asked and that verdict is not supported by the evidence.

Opinion by Watts, J.—There is a conflict in the calls of the Horton survey, in that the call from the southeast corner is "west 4400 varas to a stake on the east boundary line of a league of land surveyed for Mrs. Mary Lewis." It appears from the evidence, that upon applying these calls to the land, that running from the southeast corner of the Horton west, that the east boundary line of the Lewis survey will be reached before the distance called for is exhausted.

This discrepancy in distance appears to be about 750 varas. As this is a conflict in the calls of the Horton survey, the rules of law announced in the charge of the court as applicable to that class of cases, are neither immaterial nor misleading. But it is claimed that as the east boundary line of the Mary Lewis survey is an open line in the prairie, that the call for it must therefore yield to the call for distance, and the southern line of the Horton survey should be extended the distance called for, to-wit: 4400 varas.

The case of Booth & Strippleman, 26 Texas, 436, is cited as supporting that proposition. In that case the line of the Ross survey called for, was not only an open and undefined line, but that its true position was difficult or rather almost incapable of identification.

Besides to extend the line to the Ross survey, as called for, would require a material departure from the course, would vary the grant from the configuration required by law, and include an excess of about three thousand acres of land. While in this case the true position of the Lewis

line as appears from the evidence, is capable of being readily ascertained. The Daniels and Taylor surveys upon which that of the Lewis abuts, and to a great extent depends, are well defined upon the ground by natural objects, marked lines and fixed corners. It appears from the terms of the grant, that it was the intention to abut the Horton upon the Lewis survey, and in part make the east boundary line of the latter the west boundary line of the former.

There are no such controlling circumstances in this case, as would necessarily require the call for the east line of the Lewis survey, to y·eld to that for distance.

As the question is presented by the record, it cannot be certainly said that there is a conflict between the Horton and Lewis surveys; on the contrary it seems to us that the evidence reasonably shows that. there is no such conflict. And it is upon the theory that such a conflict exists, that the objections are urged to that portion of the charge of the court.

Without entering upon a discussion of the several objections to the charge of the court as urged by counsel, after a careful examination· of the record, we are unable to say that there is any error in the same. When considered with reference to the evidence adduced, the charge seems to be unobjectionable.

Appellants asked the court to charge the jury as follows: "4. If the testimony shows a conflict between the surveys for the plaintiff, Ellis, and the survey of one league for Mary Lewis, with the grant to said Horton, and the Horton survey and·grant are of the earliest date, then you are instructed that the plaintiff's surveys, and the Mary Lewis survey and grant must give way and yield to the Horton grant."

"7. If the survey for Wade Horton was made prior to the survey for the Mary Lewis, and the line of the latter is unmarked, then you are instructed that the call in the Wade Horton survey for the Mary Lewis line is suppositious, and you will disregard this call in fixing the position of the west boundary line of the Horton grant."

These charges were refused by the court, and that refusal is assigned as.erroneous. They will be considered together as one assignment, as the same are presented by each.

It is well settled that the charge must be applicable to

the case as made by the evidence.' And no charge should be given upon an issue where there is no evidence to sustain it. Where the court refuses to give a charge upon an issue, in case the evidence would not sustain a finding thereon, such refusal is not error, and furnishes no ground for the reversal of the judgment. This proceeds upon the doctrine announced in Texas Land Co. v. Williams, 51 Texas, 51, in effect, that the court will not revise the action of the district court in giving or refusing instructions, unless where applied to the facts, there is manifest injury to the rights of the party complaining. Now, if the evidence upon that issue was such that a verdict in favor of appellants thereon, would not be sustained by the evidence, or would be against the evidence, then evidently the refusal to give the charges asked could work no injury to them. They claim that the evidence shows that the Horton is an older survey than that of the Lewis; if that is true, then the court should have given the charges asked. And further, if the evidence would sustain a finding affirming that fact, then the court should have given the instructions, and the refusal to do so, is such error as would require a reversal of the judgment.

The only evidence found in the record tending in the remotest degree, if that can be so considered, is the date given at the head of the field notes, that of the Horton being "September 21, 1838," that of the Lewis being "October 12, 1838." In neither does the officer certify as to the date when the survey was made, but in both it is certified that the survey was made according to law, and since the first day of February, 1838. It is not made to appear what these dates given at the head of the field notes were intended to denote; it might have been to designate the date upon which the field notes were formerly made out, or the date upon which they were entered in the records of the surveyor. Whatever might have been intended by these dates from the manner in which they are given, if at all, they but tend in the remotest degree to show that these were the dates when the respective surveys were made.

While an examination of the Horton field notes, discloses cogent evidence showing, that the Lewis was the elder survey, therein the lines of the Lewis survey are called for, and made in part the boundary of the Horton. In addition

to this, the surveyor, Russell, testifies that the Lewis was an older survey than that of the Horton, and gives as a reason why this is true, that in certain adjoining surveys older than the Horton, the Lewis survey is called for and recognized as an existing survey.   Upon this state of the case we are of the opinion that the court did not err in refusing to give the instructions asked by appellants.

The verdict of the jury is fully sustained by the evidence, and as there is no such error apparent of record as requires a reversal of the judgment, we conclude and so report, that it ought to be affirmed.

The report of the commissioners of appeals, examined and approved their opinion adopted, and the judgment below affirmed.